UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GALLARDO MORALES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,<br><br>Respondents. | Case No.:  26-CV-2000 JLS (MMP)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Alberto Gallardo Morales's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).  Petitioner, a Mexican national, entered the United States in 1996 and alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since March 16, 2026.  Pet. ¶¶ 31–35.  Petitioner claims that he is entitled to release and a bond hearing.  *Id.* at 12.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D.

Cal. Nov. 25, 2025).[1]  Ret. at 2.  Respondents acknowledge that, while *Bautista* is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases."  *Id.*  Respondents "therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  *Id.*  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

**I.    Attorney's Fees**

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412.  Pet at 12.  The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

/ / /

/ / /

/ / /

---

[1] The Court notes that on March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista.*

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL** file a joint status report informing the Court of the outcome of the bond hearing by <u>April 30, 2026</u>.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: April 7, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3

26-CV-2000 JLS (MMP)